UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IDEAL PROTEIN OF AMERICA, INC.,

    Plaintiff,

v.                             Case No. 8:19-cv-654-T-33CPT

ALLIFE CONSULTING, INC.,

    Defendant.
_____/

**ORDER**

This cause comes before the Court pursuant to Plaintiff Ideal Protein of America, Inc.'s Motion to Remand (Doc. # 14), filed on April 1, 2019. Defendant Allife Consulting, Inc. responded in opposition on April 15, 2019. (Doc. # 20). For the reasons that follow, the Motion is denied.

**I.**    **Background**

On December 11, 2014, Ideal Protein and Allife entered into a regional development consultant agreement. (Doc. # 1-1 at 1). The parties mutually agreed to renew the agreement, and then it was decided the agreement would automatically renew for one-year terms. (Doc. # 8 at 3-4).

That agreement contains the following forum selection clause:

> This Agreement shall be governed by and interpreted, construed and performed exclusively in

> accordance with the internal laws in force in the State of Florida, United States of America, without reference to or application of local rules of conflict of laws, and [Allife] hereby submits to and acknowledges that the exclusive jurisdiction of the courts of the State of Florida presiding in the county where [Ideal Protein's] offices are located in the event of any disagreement with respect to the application or interpretation of this Agreement.

(Doc. # 8-1 at 17).

Ideal Protein initiated this case in Florida state court on February 20, 2019, seeking a declaratory judgment that Ideal Protein may terminate the agreement. (Doc. # 1-1). Allife removed the case to this Court on March 18, 2019. (Doc. # 1).

On March 20, 2019, the Court directed Allife to provide more information to establish that the amount-in-controversy exceeds the $75,000 jurisdictional threshold. (Doc. # 2). In response, Allife emphasized that the Complaint states the value of the agreement exceeds $250,000. (Doc. # 8 at 4). Allife also explained that Ideal Protein paid Allife fees of $552,292.00 under the agreement in 2018, averaging $45,000 per month. (Id. at 5). Thus, Allife reasoned, the value of Ideal Protein's terminating the agreement and not having to pay Allife fees for the rest of 2019 would exceed $75,000. (Id. at 5-6).

Subsequently, Ideal Protein moved to remand the case, arguing that the forum selection clause requires the case be litigated in Florida state court and that Allife has not established the amount-in-controversy by a preponderance of the evidence. (Doc. # 14). Allife has responded (Doc. # 20), and the Motion is ripe for review.

**II. Discussion**

    **A.    Forum Selection Clause**

First, Ideal Protein argues the case should be remanded to state court because the parties' agreement contains a mandatory forum selection clause conferring exclusive jurisdiction on the courts of the State of Florida. (Doc. # 14).

The Eleventh Circuit has "acknowledge[d] the district court's inherent power to remand a removed case when appropriate to enforce a forum selection clause." Snapper, Inc. v. Redan, 171 F.3d 1249, 1263 n.26 (11th Cir. 1999). "[F]orum selection clauses should be enforced unless it is clearly shown that enforcement would be unreasonable or unjust, or that the clause is invalid for such reasons as fraud or overreaching." Brown v. Press Repair Eng'g Sales & Serv., Inc., No. 8:08-cv-1115-T-23TGW, 2008 WL 5263748, at *1 (M.D. Fla. Dec. 17, 2008)(quoting Citro Florida, Inc. v.

Citrovale, S.A., 760 F.2d 1231, 1231-32 (11th Cir. 1985)). "In the context of removal based solely on diversity jurisdiction, ordinary contract principles determine whether a forum selection clause constitutes a waiver of the right to remove." Id. "However, when ordinary contract principles fail to elucidate a single reasonable interpretation for an ambiguous provision, and instead the provision is subject to opposing, yet reasonable interpretation, an interpretation is preferred which operates more strongly against the party from whom the words proceeded." Glob. Satellite Commc'n Co. v. Starmill U.K. Ltd., 378 F.3d 1269, 1271 (11th Cir. 2004)(citations and internal quotation marks omitted).

"Forum selection clauses are classified as either permissive or mandatory." Brown, 2008 WL 5263748, at *1. "A permissive clause authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere. A mandatory clause, in contrast, 'dictates an exclusive forum for litigation under the contract.'" Glob. Satellite Commc'n Co., 378 F.3d at 1272 (citation omitted). "A purportedly mandatory forum selection clause remains unenforceable absent an unambiguous designation of the forum the parties select." Brown, 2008 WL 5263748, at *1.

The forum selection clause here is mandatory because it specifies that jurisdiction in the courts of the State of Florida is "exclusive." See Smith v. Oasis Legal Fin., LLC, No. 8:17-cv-2163-T-33JSS, 2017 WL 4922271, at *3 (M.D. Fla. Oct. 31, 2017)("The forum selection clause is mandatory because it specifies that jurisdiction in Cook County is 'exclusive.'").

However, the parties disagree over the meaning of the clause "the courts of the State of Florida." Ideal Protein argues that this clause means that jurisdiction is exclusive in Florida state court. (Doc. # 14 at 3). In contrast, Allife argues the term is ambiguous and could mean either a state or federal court located in Florida. (Doc. # 20 at 3-5).

The Eleventh Circuit has previously found the clause "the courts of the State of Florida" to be ambiguous, because the clause does not clearly indicate whether it is referring to only Florida state courts, or also includes federal courts located in Florida. See Stateline Power Corp. v. Kremer, 148 F. App'x 770, 771 (11th Cir. 2005)(holding that the phrase "the courts of the State of Florida" is ambiguous); see also Global Satellite Commc'n Co., 378 F.3d at 1274 (construing the phrase in a forum selection clause that the parties submit to the jurisdiction of Broward county, Florida to be ambiguous

5

because it named only a geographical unit, which includes both state and federal courts). So, as this Court has done in the past with a similar clause, the Court finds that the clause "courts of the State of Florida" is ambiguous. See E-Core IT Sols., LLC v. Unation, LLC, No. 8:14-cv-927-T-33TGW, 2014 WL 3586501, at *3 (M.D. Fla. July 8, 2014)("The phrase in the forum selection clause, 'the courts of Florida,' could refer to both the state and federal courts of Florida.").

Ideal Protein nevertheless contends that Global Satellite and Stateline Power Corp. are distinguishable. (Doc. # 14 at 3). Ideal Protein relies on Dura-Cast Products, Inc. v. Rotonics Manufacturing., Inc., No. 8:10-cv-1387-T-24AEP, 2010 WL 3565725 (M.D. Fla. Sept. 10, 2010), which denied a motion to stay that court's remand order. Dura-Cast found that the language "the courts of the State of Florida" was ambiguous but ultimately held that the case must be litigated in Florida state court. Id. at *1-3. Dura-Cast distinguished Global Satellite and Stateline Power Corp. because those cases "resolved the ambiguity by construing the ambiguity against the drafting party," whereas in Dura-Cast, the forum selection clause "was jointly drafted" so "it [was] not possible to construe the ambiguous language against the drafter." Id. at *2.

6

Ideal Protein similarly seeks to distinguish <u>Global Satellite</u> and <u>Stateline Power Corp.</u> by insisting the forum selection clause was "mutually agreed upon after negotiation of the terms of the [agreement]." (Doc. # 14 at 4). Thus, Ideal Protein reasons that the ambiguity of the forum selection clause should not be construed against it. (<u>Id.</u>). Additionally, Ideal Protein notes that "there is no ambiguity as to the exclusivity of the forum" so "the forum selection is valid and enforceable." (<u>Id.</u>).

Ideal Protein's attempt to distinguish <u>Global Satellite</u> and <u>Stateline Power Corp.</u> is unavailing. Allife has submitted the declaration of Michael Johnson — Allife's principal — in which Johnson declares under penalty of perjury that the agreement was not jointly drafted. (Doc. # 20-1). Instead, Johnson avers, the forum selection clause was drafted by Ideal Protein and was not negotiable. (<u>Id.</u> at 2). In light of this sworn statement, the Court finds that the agreement's forum selection clause was not jointly drafted but was, instead, drafted by Ideal Protein.

Because the ambiguous clause was drafted by Ideal Protein, the ambiguous clause should be construed against Ideal Protein. <u>See</u> <u>Stateline Power Corp.</u>, 148 F. App'x at 771 ("Plaintiff drafted the agreement; hence, the ambiguity must

be resolved in favor of the defendant."); Glob. Satellite Commc'n Co., 378 F.3d at 1274 ("The phrase is simply ambiguous, it lends itself to several possible reasonable interpretations, and rather than strain to find that one should prevail over another, we must simply construe it against Global Satellite, the drafter."). Therefore, the Court construes the clause "the courts of the State of Florida" to include both state and federal courts. Allife has not waived its right to remove the case to federal court. Remand on the basis of the forum selection clause is inappropriate.

### B. Amount-in-Controversy

"Federal courts have limited subject matter jurisdiction." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000). When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires, among other things, that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs."

"[W]hen a notice of removal's allegations are disputed, the district court must find by the preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." Dudley v. Eli Lilly & Co., 778

F.3d 909, 912 (11th Cir. 2014)(citation and internal quotation marks omitted). "A court may rely on evidence put forward by the removing defendant, as well as reasonable inferences and deductions drawn from that evidence, to determine whether the defendant has carried its burden." S. Fla. Wellness, Inc. v. Allstate Ins. Co., 745 F.3d 1312, 1315 (11th Cir. 2014)(citing Pretka v. Kolter City Plaza II, 608 F.3d 744, 753-54 (11th Cir. 2010)). "[W]here there are unresolved doubts as to whether the amount in controversy in a removed action has been satisfied, those doubts must be resolved in favor of remand." Kline v. Avis Rent A Car Sys., Inc., 66 F. Supp. 2d 1237, 1239 (S.D. Ala. 1999).

"For amount in controversy purposes, the value of injunctive or declaratory relief is the 'value of the object of the litigation' measured from the plaintiff's perspective." Morrison, 228 F.3d at 1268 (citation omitted). "Stated another way, the value of declaratory relief is 'the monetary value of the benefit that would flow to the plaintiff if the [relief he is seeking] were granted.'" S. Fla. Wellness, Inc., 745 F.3d at 1316 (citation omitted). While absolute certainty is neither attainable nor required, the value of declaratory or injunctive relief must be

"sufficiently measurable and certain" to satisfy the amount in controversy requirement. Morrison, 228 F.3d at 1269.

Ideal Protein argues that Allife has not established by a preponderance of the evidence that the amount-in-controversy exceeds the $75,000 jurisdictional threshold. (Doc. # 14 at 5-7). Ideal Protein writes:

> Although the amount of consideration for the [agreement] exceeded $250,000 over the year[s] it was in place and that Allife performed services for [Ideal Protein], Allife has not produced any evidence in this matter that [Ideal Protein] would avoid specific payments, much less payment(s) of $75,000.00 or more, but for the termination of this cont[r]act as the payment was not guaranteed - Allife had to perform to be entitled to any payment whatsoever.

(Id. at 6-7).

The Court disagrees. Allife has shown that the amount-in-controversy requirement is met. After the Court directed Allife to provide more information about the amount-in-controversy (Doc. # 2), Allife filed a memorandum explaining that Ideal Protein had paid Allife over $550,000 in fees in 2018 and that the Complaint itself acknowledges that the consideration exchanged under the agreement exceeds $250,000. (Doc. # 8 at 4-6).

Thus, the value of the declaration Ideal Protein seeks — that it may terminate the agreement without consequence —

is likely over $250,000. The fact that Allife has not established that it definitely would have received specific payments exceeding $75,000 but for the agreement's termination does not negate the Court's confidence in the amount-in-controversy calculation. Allife's evidence and the Court's own experience convince the Court by a preponderance of the evidence that Allife would have performed services and charged far more than $75,000 throughout the agreement's term if Ideal Protein had not terminated the agreement. See Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1064 (11th Cir. 2010)(explaining that a district court may rely on its "judicial experience and common sense" in calculating the amount-in-controversy).

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Ideal Protein of America, Inc.'s Motion to Remand (Doc. # 14) is **DENIED.**

**DONE and ORDERED** in Chambers in Tampa, Florida, this 17th day of April, 2019.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE